UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SOUTHERN-OWNERS INSURANCE COMPANY, a foreign corporation,

    Plaintiff,

v.                                     Case No: 2:18-cv-829-FtM-99MRM

G.R. CONSTRUCTION MANAGEMENT, INC., a Florida corporation and DANA M. DICARLO, as Trustee of the Dana M Dicarlo Revocable Trust dated February 1, 2007,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on defendant Diana M. DiCarlo, as Trustee of the Dana M. DiCarlo Revocable Trust's Motion to Dismiss/Motion to Abstain (Doc. #20) filed on March 8, 2019. Southern-Owners Insurance Company filed a Response in Opposition (Doc. #21) on March 19, 2019, and a Reply (Doc. #24) was filed. For the reasons set forth below, the Motion is granted in part and denied in part and the case is stayed.

**I.**

In this insurance coverage dispute, plaintiff-insurer Southern-Owners Insurance Company (Southern Owners) seeks a declaratory judgment that it has no duty to indemnify defendant-

insured GR Construction Management, Inc. (GRC) for a judgment entered against GRC after a jury verdict was rendered for $672,853.48 in a state court construction defect lawsuit brought against GRC by Dana M. DiCarlo, as Trustee of the Dana M. DiCarlo Revocable Trust dated February 1, 2007, styled Dana M. DiCarlo v. G.R. Construction Management, No. 2015-CA-1032 (the "DiCarlo Action"). Southern Owners seeks a declaratory judgment that it is not obligated to indemnify GRC for any portion of the judgment because there was no allocated verdict form at trial and the damages cannot be allocated between covered and noncovered damages. (Doc. #1, ¶ 24.) Alternatively, Southern Owners seeks a declaration that certain property exclusions apply and thus, Southern Owners has no duty to indemnify GRC. (Id., ¶¶ 25-27.)

Defendant DiCarlo has instituted proceedings supplementary in the DiCarlo Action, seeking an assignment of GRC's rights under the Policies and to implead Southern Owners. (Doc. #20-4.) Thus, DiCarlo moves to dismiss or abstain this action because it concerns the same parties and issues currently pending before the state court in the DiCarlo Action. Southern Owners responds that this Court is the correct forum for a determination of coverage issues and that the Ameritas factors do not weight in favor of dismissal/abstention[1]. Before examining the parties' arguments,

---

[1] Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328 (11th Cir. 2005).

a background of the DiCarlo Action and Southern Owners' allegations in the Complaint (Doc. #1) is helpful.[2]

**A. The DiCarlo Action**

On April 23, 2015, Dana M. DiCarlo, as Trustee of the Dana M. DiCarlo Revocable Trust Dated February 1, 2007, filed suit against GRC and Colonial Roofing in state court for construction defects arising out of a renovation project for which GRC was the general contractor. (Doc. #1-1, Ex. A - copy of the Underlying Complaint.) The case went to trial and Southern Owners, one of GRC's insurers[3], defended GRC, but provided GRC with notice that some or all of the damages may not be covered under the Polic(ies) and that GRC should request an allocated verdict which would differentiate between the covered and noncovered damages. Coverage counsel worked with defense counsel to craft a verdict form that would allow the parties to know what damages assessed by the jury would be covered. GRC's proposed verdict form was not acceptable to DiCarlo, and DiCarlo proposed its own differentiated verdict form. Ultimately, the trial court decided not to allow a verdict form that allocated damages, and an undifferentiated verdict form was used. The jury

---

[2] The Court compiles the background from both the Complaint (Doc. #1) and the parties' briefs (Docs. ##20, 21, 24.)

[3] GR was also insured by Mid-Continent Casualty Company (MCC) during the relevant time period and MCC has filed its own declaratory judgment action in this Court. See Case No. 2:18-cv-688-38MRM.

returned a verdict in favor of DiCarlo and a final judgment was entered against GRC on July 31, 2018 for $672,853.48. (Doc. #1-2.) The judgment was not appealed.

**B. Post-Judgment Collection Efforts**

Following the entry of judgment, DiCarlo engaged in post-judgment collection efforts and took the deposition of judgment debtor GRC's corporate representative in aid of executing on the final judgment, which was took place on February 7, 2019. (Doc. #20-3.) Following the deposition, DiCarlo engaged in extensive collection efforts, none of which have been sufficient to satisfy the judgment.

**C. This Lawsuit**

On December 26, 2018, Southern Owners commenced this action under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., seeking a declaration as to the following:

24. Southern is not obligated to indemnify GRC for any portion of the damages because there was no allocated verdict form and the damages cannot be allocated between covered and noncovered damages.

25. Alternatively, Southern does not have the duty to indemnify GRC for any:

    (a) Damage that occurred outside the policy period;

    (b) "property damage" arising out of GRC or any of its subcontractors' operations;

    (c) "property damage" to GRC's "product" arising out of GRC's "product;"

(d) "property damage" to "impaired property" or property that has not been physically injured, arising out of a defect, deficiency, inadequacy or dangerous conduction in GRC's product or work;

(e) for any "property damage" to GRC or its subcontractors' "work" arising out of it or any part of it and included in the "products-completed operations hazard."

26. Under the Exterior Finishing System and Stucco Exclusion – Form A, Southern does not have the obligation to indemnify GRC for property damage that is in any way related to the exterior finishing system or stucco application.

27. Under the Fungi or Bacteria Exclusions, Southern is relieved of the obligation to indemnify GRC for damage and loss caused by fungi or bacteria.

(Doc. #1, ¶¶ 24-27.)

**D. Proceedings Supplementary**

On March 7, 2019, DiCarlo filed a Motion to Invoke Proceedings Supplementary pursuant to Fla. Stat. § 56.29 against GRC in the DiCarlo Action. DiCarlo's Motion for Proceedings Supplementary asks the state court to assign GRC's rights under the Policies to DiCarlo, permit DiCarlo to implead Southern Owners as a necessary party, and to issue Southern Owners a Notice to Appear pursuant to Fla. Stat. § 56.29(2). (Doc. #20-4.) The state court has not yet ruled on the Motion. One day later, on March 8, 2019, DiCarlo filed the instant Motion to Dismiss or Abstain.

**II.**

**A. Declaratory Judgment Act**

Southern Owners brings a Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.; federal jurisdiction is premised on diversity of citizenship. (Doc. #1, ¶¶ 1, 8.) In diversity cases, the substantive law of the forum state applies, which is Florida law in this case. See Horowitch v. Diamond Aircraft Indus., Inc., 645 F.3d 1254, 1257 (11th Cir. 2011).

The Declaratory Judgment Act grants federal courts the discretion to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Under the Declaratory Judgment Act this Court has discretion to rule on an actual controversy but is "under no compulsion to exercise ... jurisdiction." Brillhart v. Excess Ins. Co., 316 U.S. 491, 494 (1942). The Court has "unique and substantial discretion in deciding whether to declare the rights of litigants," as the Act "confers a discretion on the courts rather than an absolute right on the litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286–87 (1995). The grounds for a federal court to stay a declaratory judgment action pending a related state proceeding are those adopted in Brillhart, 316 U.S. 491, reaffirmed in Wilton, 515 U.S. 277, and then elaborated upon by the Eleventh Circuit in Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328 (11th Cir. 2005).

Under the Wilton-Brillhart Abstention Doctrine, both the Eleventh Circuit and Supreme Court have cautioned against a district court exercising its jurisdiction over a declaratory judgment action when "another suit is pending in a state court [1] presenting the same issues, [2] not governed by federal law, [3] between the same parties." Ameritas, 411 F.3d at 1330 (emphasis added) (quoting Brillhart, 316 U.S. at 495). If a suit presents these components, the Eleventh Circuit has provided a non-exhaustive list of factors for district courts to consider when determining whether to exercise jurisdiction over such a suit. Id. at 1331.[4] "District courts have 'substantial latitude in deciding whether to stay or dismiss a declaratory judgment suit in

---

[4] These factors are "(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (2) whether the judgment in the federal declaratory action would settle the controversy; (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue; (4) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' — that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable; (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; (6) whether there is an alternative remedy that is better or more effective; (7) whether the underlying factual issues are important to an informed resolution of the case; (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action." Ameritas, 411 F.3d at 1331.

light of pending state proceedings.'" Great Lakes Reinsurance (UK) PLC v. TLU Ltd., 298 F. App'x 813, 815 (11th Cir. 2008) (quoting Wilton, 515 U.S. at 289–90).

**B. Section 56.29 Proceedings Supplementary**

Section 56.29 empowers the Florida court that rendered a judgment to "order any property of the judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt." Fla. Stat. § 56.29. See also Schwartz v. Capital City First Nat. Bank, 365 So. 2d 181, 183 (Fla. 1st DCA 1978) ("[Section 56.29] empower[s] the circuit court to follow through with the enforcement of its judgment, so that there [is] no necessity for an independent suit to reach property which legally should be applied to the satisfaction of the judgment") (quoting Virginia-Carolina Chem. Corp. v. Smith, 121 Fla. 720, 164 So. 717, 721 (1936)).

The jurisdictional prerequisite for proceedings supplementary under Florida law is that the judgment creditor holds an unsatisfied and valid judgment or judgment lien. The judgment creditor may file a motion and an affidavit executed by the judgment creditor, identifying the issuing court, the case number, the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding. Then, the judgment creditor is entitled to a proceedings supplementary. See Fla. Stat. § 56.29(1).

Proceedings supplementary can be used to collect against any person, including the judgment debtor's interest in the proceeds of an insurance policy. Puzzo v. Ray, 386 So. 2d 49 (Fla. 4th DCA 1980); General Guaranty Insurance Company of Florida v. DaCosta, 190 So. 2d 211 (Fla. 3d DCA 1966).

When a third party is brought into a supplementary proceeding, "the third party has an opportunity to raise defenses and protect its interests in a manner wholly consonant with genuine due process." Jackson-Platts v. General Elec. Capital Corp., 727 F.3d 1127, 1137-38 (11th Cir. 2013) (noting that a jury trial on issues of fact developed in a supplementary proceeding should not be denied). See also Nova Casualty Co. v. Wilson Developers, LLC, 212 So. 2d 477, 478 (Fla. 2d DCA 2017) (citing Mejia v. Ruiz, 985 So. 2d 1109, 1112-13 (Fla. 3d DCA 2008) (recognizing that an insurance company may present defenses at the proceedings supplementary)).

**C. Application to This Case**

Here, the Court need not engage in analyzing the Ameritas factors because the state court has not yet determined whether Southern Owners will be impleaded as a party in the proceedings supplementary, and, if Southern Owners is impleaded, whether it will raise the same defenses to coverage as raised in this case. In other words, the Court cannot yet determine whether the suits present the same issues between the same parties, which are necessary components before the Court can determine the abstention

question. However, because both the Eleventh Circuit and Supreme Court have cautioned against a district court exercising its jurisdiction in a declaratory judgment action where another forum could provide full relief, the Court will grant DiCarlo's request for alternative relief and stay this action pending a determination by the state court regarding DiCarlo's Motion for Proceedings Supplementary (Doc. #20-4).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant Diana M. DiCarlo, as Trustee of the Dana M. DiCarlo Revocable Trust's Motion to Dismiss/Motion to Abstain (Doc. #20) is **GRANTED in part and DENIED in part.** The request to stay is granted and the request for dismissal is denied without prejudice.

2. This matter is stayed pending a determination by the state court regarding DiCarlo's Motion for Proceedings Supplementary (Doc. #20-4).

3. The parties shall file a status report as to the proceedings supplementary on or before **June 3, 2019**. The parties should inform the Court if the stay is due to be lifted prior to this date. Once the stay is lifted, the parties should inform the Court as to how the state court's ruling on the Motion for Proceedings Supplementary affects this case.

4. The Clerk shall terminate all deadlines, administratively close this case, and add a stay flag to the docket.

**DONE and ORDERED** at Fort Myers, Florida, this __18th__ day of April, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record